IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
CASE NO: 4:10-CV-55-D

| | |
|---|---|
| Milton Escoto, Elvin Martinez, Yosveny Mazariegos, Guillermo Mercado, Ervin Miguel, Jorge Peña, Juan Rosas and Cristian Valdez, <br><br> Plaintiffs <br><br> v. <br><br> Richard C. Anderson d/b/a Anderson Farms, Efrain Cortez and Cesar Espinoza, <br><br> Defendants | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**ORDER**

This matter is before the Court on the Joint Motion to Set Aside Default of Defendant Richard C. Anderson and for Approval of Settlement with Respect to Named Plaintiffs and Defendant Richard C. Anderson submitted by the named Plaintiffs and Defendant Anderson (collectively, the "Moving Parties"). In that Joint Motion the Moving Parties request, pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, that this Court set-aside the default which was previously entered against Defendant Anderson. Considering the joint nature of the motion, and for good cause shown, the court hereby sets aside the entry of default entered against Defendant Anderson.

The Moving Parties also request that this Court approve the proposed settlement agreement as to the named Plaintiffs and Defendant Anderson, attached as Exhibit 1 to the

Joint Motion, without going through a class certification determination under Rule 23 of the Federal Rules of Civil Procedure, with respect to the Plaintiffs' Rule 23 class action claims under the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA"), 18 U.S.C. § 1801, *et seq.*, and the North Carolina Wage and Hour Act ("NCWHA"), G.S. §§95-25.1 *et seq. See Shelton v. Pargo, Inc.*, 582 F.2d 1298, 1314-16 (4th Cir. 1978). The Court finds that the named Plaintiffs have not used the Rule 23 class action claim under the AWPA and the NCWHA for "unfair personal aggrandizement in the settlement" of this case, and there is little likelihood that potential class members have relied on representation by the named Plaintiffs to their detriment. *Shelton*, 582 F.2d at 1314-15.

Therefore, based upon those reasons, the Joint Motion by the parties is GRANTED. It is hereby ORDERED that the Entry of Default of Defendant Anderson be Set-aside and the Settlement Agreement filed as Exhibit 1 to the Joint Motion is Approved and no notice need be sent to potential class members. Rule 23(e), Fed.R.Civ.P. *Shelton*, 582 F.2d at 1314-16.

SO ORDERED, this the 9 day of April, 2011.

United States District Judge